IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SADAT MUHAMMAD ABDULLAH,

    Petitioner,

v.                                                                                      Civil Action No. **3:14cv105**

HAROLD W. CLARKE,

    Respondent.

## MEMORANDUM OPINION

Sadat Muhammad Abdullah, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition") challenging his conviction for possession with intent to distribute heroin, second offense, in the Circuit Court of the City of Portsmouth, Virginia ("Circuit Court"). Respondent moves to dismiss, *inter alia*, on the ground that the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. Abdullah had responded. The matter is ripe for disposition.

### I. PROCEDURAL HISTORY

#### A.    Direct Appeal

After finding Abdullah guilty of possession with intent to distribute heroin, second offense, the Circuit Court sentenced Abdullah to life in prison. Abdullah appealed. On January 11, 2011, the Supreme Court of Virginia refused Abdullah's petition for appeal. *Abdullah v. Commonwealth*, No. 101795, at 1 (Va. Jan. 11, 2011).

#### B.    First State Habeas Petition

On January 18, 2012, Abdullah filed a petition for a writ of habeas corpus with the Circuit Court. Petition for Writ of Habeas Corpus at 1, *Abdullah v. Pearson*, Law No. 12–240

(Va. Cir. Ct. filed Jan. 18, 2012). On April 30, 2012, the Circuit Court denied the petition. *Abdullah v. Pearson*, Law No. 12-240, at 3 (Va. Cir. Ct. Apr. 30, 2012). Abdullah appealed. On January 7, 2013, the Supreme Court of Virginia dismissed the petition for appeal because Abdullah "failed to timely file the petition for appeal . . . ." *Abdullah v. Pearson*, No. 121800, at 1 (Va. Jan. 7, 2013) (citing Va. Sup. Ct. R. 5:17(a)(1)).[1]

### C. Second State Habeas Petition

On March 26, 2013, Abdullah filed a second petition for a writ of habeas corpus with the Circuit Court. Petition for Writ of Habeas Corpus at 1, *Abdullah v. Clarke*, Law No. 13-1175 (Va. Cir. Ct. filed Mar. 26, 2013). On June 12, 2013, the Circuit Court denied the petition on the grounds that, *inter alia*, the petition was untimely. *Abdullah v. Clarke*, Law No. 13-1175 (Va. Cir. Ct. June 12, 2013) (citing Va. Code. Ann. 8.01-654(A)(2)).[2] Abdullah appealed. On November 4, 2013, the Supreme Court of Virginia dismissed the petition for appeal because Abdullah "failed to timely file the petition for appeal . . . ." *Abdullah v. Pearson*, No. 131483, at 1 (Va. Nov. 4, 2013) (citing Va. Sup. Ct. R. 5:17(a)(1)).

---

[1] That rule provides, in pertinent part:

**(a) When the Petition Must be Filed.** Unless otherwise provided by rule or statute, in every case in which the appellate jurisdiction of this Court is invoked, a petition for appeal must be filed with the clerk of this Court within the following time periods:
(1) in the case of an appeal direct from a trial court, not more than three months after entry of the order appealed from . . . .

Va. Sup. Ct. R. 5:17(a)(1).

[2] That rule provides, in pertinent part: "A habeas corpus petition attacking a criminal conviction or sentence . . . shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later." Va. Code Ann. 8.01-654(A)(2) (West. 2014).

2

D. **Federal Habeas Petition**

On December 13, 2013, Abdullah filed the instant § 2254 Petition with this Court.[3] In his § 2254 Petition, Abdullah asserts:

Claim One    Abdullah failed to receive the effective assistance of counsel. "[P]rior to trial, [Abdullah] was told by counsel that a plea offer had been made by the attorney for the Commonwealth, but at no time was a written offer presented to the accused by defense counsel, nor any explanation of the offer's terms and conditions revealed to the accused . . . ." (Mem. Supp. § 2254 Pet. 7.)

Claim Two    Counsel failed to file a motion to suppress. (§ 2254 Pet. 7.)

Claim Three    The trial judge failed to uphold his oath because he failed to address constitutional and statutory violations. (*Id.* at 9.)

## II. ANALYSIS

A. **Statute of Limitations**

Respondent contends that the federal statute of limitations bars Abdullah's claims. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

1.    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or

---

[3] This is the date Abdullah mailed his § 2254 Petition to the Court. (§ 2254 Pet. 15.) Accordingly, the Court deems this the date the § 2254 Petition is filed. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

3

laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### B. Commencement and Running of the Statute of Limitations

Abdullah's judgment became final on April 11, 2011, when the time to file a petition for a writ of certiorari expired. *See Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); Sup. Ct. R. 13(1) (requiring that a petition for certiorari should be filed within ninety days of entry of judgment by state court of last resort or of the order denying discretionary review). The limitation period began to run on April 12, 2011, and ran for 281 days before Abdullah filed his first state petition for a writ of habeas corpus on January 18, 2012. *See* 28 U.S.C. § 2244(d)(2).

### C. Statutory Tolling

To qualify for statutory tolling, an action must be a (1) properly filed (2) post-conviction or other collateral review of (3) the pertinent judgment. 28 U.S.C. § 2244(d)(2). "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). These rules

and laws "usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Id.* (footnote omitted) (citations omitted). A petition that is denied by a state court as untimely is not "properly filed" within the meaning of the AEDPA. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (citation omitted) ("When a postconviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2)").

For Abdullah, the statute of limitations was tolled from the filing of his first state petition for a writ of habeas on January 18, 2012, until the Circuit Court dismissed that petition on April 30, 2012. Abdullah lacks entitlement to statutory tolling for the period in which he pursued his collateral appeal from the dismissal of his first state habeas petition because Abdullah's petition for appeal was not properly filed. *Ostrander v. Dir., Va. Dep't of Corr.*, No. 3:13cv634, 2014 WL 2170067, at *3 (E.D. Va. May 23, 2014) (citations omitted); *see Escalante v. Watson*, 488 F. App'x 694, 699 (4th Cir. 2012) (refusing to toll limitation period for the time period where the inmate's defective petition for appeal was pending before the Supreme Court of Virginia). Furthermore, Abdullah's untimely second state petition for a writ of habeas corpus fails to trigger the statutory tolling provision of 28 U.S.C. § 2244(d)(2). *See Pace*, 544 U.S. at 417. Accordingly, the limitation period recommenced upon the dismissal of Abdullah's first state habeas petition by the Circuit Court on April 30, 2012 and ran for 591 more days, until Abdullah filed his § 2254 Petition on December 13, 2013.

Because Abdullah filed his § 2254 Petition more than a year after the statute of limitations had expired, the statute of limitations bars Abdullah's § 2254 Petition unless Abdullah demonstrates entitlement to a belated commencement of the limitation period under 28

U.S.C. § 2244(d)(1)(B)–(D) or equitable tolling. Abdullah fails to demonstrate entitlement to belated commencement of the limitation period or equitable tolling.

## III. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 7) will be GRANTED. Abdullah's petition for relief under 28 U.S.C. § 2254 will be DENIED. The action will be DISMISSED.[4]

An appropriate Final Order shall issue.

Date: 11/17/14
Richmond, Virginia

/s/ _____
John A. Gibney, Jr.
United States District Judge

---

[4] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Abdullah fails to meet this standard. Accordingly, a certificate of appealability will be DENIED.